## MEMORANDUM OF UNDERSTANDING

Tennessee Telephone Service, Inc. d/b/a Freedom Communications ("Freedom") and BellSouth Telecommunications, Inc. d/b/a/ AT&T ("AT&T") (hereinafter sometimes together referred to as the "parties") enter into this Memorandum of Understanding ("MOU") to address the issues raised in the demand letters issued on or about June 18, 2010 by AT&T to Freedom for the nine-state area where Freedom operates (the nine states of the former BellSouth region) (the "June 18 demand letters"). In the June 18 demand letters, AT&T demanded payment of overdue amounts totaling approximately $2.9 million, and said that if Freedom failed to timely pay, AT&T would take action permitted by Section 1.5, et seq., Attachment 7 (Billing) of the Interconnection Agreement between the parties (the "ICA"), including suspension, discontinuance and/or termination. Pursuant to the June 18 demand letters and the ICA, AT&T has suspended order processing for Freedom in Alabama, Florida, Georgia, Kentucky, and Mississippi. To restore order processing and avoid termination, the parties agree to this MOU, under the following terms and conditions:

1. Freedom will increase its regional security deposit to $600,000 by 2:00 pm Central Time on Monday, July 26, 2010. Freedom will then make additional increases to that deposit of approximately $225,000, on the 15th day of each of the next 4 months beginning with August 15, 2010, until the total deposit for the 9-state region would be $1,500,000 (the amount above $600,000 is the "increased deposit"). This "increased deposit" would not be included within the calculation of whether Freedom has deposited two months' estimated billings, the maximum amount permitted by the ICA. Notwithstanding any provisions of the ICA, the parties agree to maintain this "increased deposit" until they mutually agree that it is no longer needed or until AT&T's complaints filed against Freedom in January, 2010, before the commissions in each

832195

of Louisiana, Mississippi, Georgia, Tennessee, Alabama and South Carolina have been finally resolved through final appeal or settlement.

2. Freedom agrees to pay the billed amount of new charges on its bills in full by the bill due date – with no offsets of any kind – in all nine states for bills rendered on or after July 1, 2010.

3. Within one (1) business day after Freedom increases its security deposit to $600,000 as required by paragraph 1 hereof, then AT&T will restore Freedom's order processing in Alabama, Florida, Georgia, Kentucky, and Mississippi. In the event Freedom fails to timely perform any of the requirements imposed by paragraphs 1 and 2 hereof, then AT&T will be entitled to suspend order processing immediately and/or terminate service with five (5) business days' notice to Freedom. AT&T will not suspend or terminate anywhere in the 9-state region, so long as all requirements imposed on Freedom by this MOU are timely met and Freedom complies with its other obligations under the ICA.

4. The parties further agree that Freedom, or its billing agent, will prepare and provide to AT&T a detailed written explanation of all pending requests for promotional credits that Freedom believes have been submitted to AT&T. Freedom will provide such information to AT&T no later than 5:00 pm Central Time on July 23, 2010. AT&T will review such materials and will be available for a meeting or conference call to discuss that information within seven (7) business days following receipt of this information. If, following that review, the parties agree that Freedom is entitled to additional credits on services provided by AT&T before July 1, 2010, those credits will be applied, first, to the past due amounts claimed by AT&T and, second, to any other amounts claimed by AT&T, including future bills. Credits claimed by Freedom for services provided by AT&T on or after July 1, 2010 may be applied to Freedom's past due amounts but will in no way decrease the amount of deposit required by this MOU.

2

5. The parties agree that the total deposit requirement imposed by paragraph 1 hereof is intended to constitute approximately 50% of the past due amounts claimed by AT&T. To the extent that the past due amount is reduced through the application of additional credits for services provided by AT&T before July 1, 2010, the total deposit will be reduced accordingly, but in no event shall the deposit be reduced below $600,000. To the extent the amount that AT&T contends to be past due grows as a result of any change in the payment requirements of an approved interconnection agreement, the parties agree that the deposit will be increased to maintain a deposit of 50% of the amount AT&T contends to be past due.

6. The parties agree that, prospectively, the parties intend that AT&T will have a reasonable time to evaluate and determine the merits of claims and disputes submitted by Freedom, especially if the claims and disputes raise new issues not previously addressed by AT&T. The parties also acknowledge that Freedom is entitled to receive within a reasonable time all credits to which it is legally entitled, especially if the claim or dispute submitted by Freedom is similar to claims or disputes which AT&T has granted in the past. Unless the parties agree otherwise, with respect to claims for promotional credits and billing disputes submitted by Freedom to AT&T within sixty days of the date of the bill for which the promotional credit or amount disputed was billed, AT&T will use good faith effort to process and either grant (*i.e.*, Freedom is given a credit on its bill) or deny (*i.e.*, AT&T provides a written explanation demonstrating good cause why no credit is allowed) such claims and disputes within ninety (90) days of the date the claim or dispute is received by AT&T. Notwithstanding anything in this paragraph to the contrary, if the promotion for which Freedom claims a credit or a dispute requires the retail customer to remain with AT&T for a period of time before becoming eligible for the promotion ("in service" requirement), Freedom's claim for a prbomotional credit will not be deemed to have been filed until that "in service" period has run.

3

Case 3:10-bk-08252    Doc 8-1    Filed 08/08/10    Entered 08/08/10 21:41:00    Desc
Exhibit A    Page 3 of 5

7. This MOU is not intended to in any way alter Freedom's contractual obligations to pay for services provided by AT&T pursuant to the ICA and does not impact in any way Freedom's obligation to pay the past due amount following the outcome of the pending commission proceedings.

8. The parties agree that this MOU reflects the parties' intent and does not necessarily address all of the circumstances which may arise while this agreement is in effect. The parties therefore agree that this MOU will be filed with the Tennessee Regulatory Authority and that either party may seek assistance or, if necessary, relief from the Commission concerning the implementation and/or amendment of any provision of this MOU to implement the parties' intent.

9. Within one (1) business day following entry of this MOU, Freedom shall withdraw all motions seeking emergency relief or other protection from suspension or termination that it filed in connection with the June 18 demand letters.

10. The parties further agree that, notwithstanding any order of any commission issued as of this date or in response to any of Freedom's pending motions seeking emergency relief, in the event that Freedom fails to comply with the terms of this MOU, then Freedom waives the protection of any such order with regard to suspension or termination of service.

*** Remainder of this page is blank ***

11. The parties and the undersigned hereby acknowledge and represent that the undersigned are authorized to bind the parties on whose behalf they have signed. The parties agree that the use of faxed or pdf signatures is acceptable.

This _____ day of July, 2010.

| TENNESSEE TELEPHONE SERVICE, INC. d/b/a FREEDOM COMMUNICATIONS | BELLSOUTH TELECOMMUNICATIONS, INC. d/b/a AT&T ALABAMA, AT&T FLORIDA, AT&T GEORGIA, AT&T KENTUCKY, AT&T LOUISIANA, AT&T MISSISSIPPI, AT&T NORTH CAROLINA, AT&T SOUTH CAROLINA AND AT&T TENNESSEE |
|---|---|
| By: *[signature]* <br> Signature | By: *Kathy J. Wilkinson* <br> Signature |
| Name: MATTHEW T DAVIS <br> Typed or Printed | Name: KATHY J. WILKINSON <br> Typed or Printed |
| Title: CEO | Title: AVP - CALL CENTER |
|  | Payroll Co. Name: AMERITECH SERVICES, INC. |
| Date: 7/22/10 | Date: July 22, 2010 |

5